IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JUDITH CARDENAS, § | |
| § | |
| Plaintiff § | |
| § | |
| v. § | CIVIL ACTION NO: _____ |
| § | |
| LEWIS CHANDLER and SHERRY § | |
| CHANDLER § | |
| § | |
| Defendants. § | |
| § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Judith Cardenas brings this Original Complaint to recover unpaid overtime wages from Defendants Lewis Chandler and Sherry Chandler.

### A. Nature of the Action

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers. . . ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA sets overtime pay requirements for covered employers. 29 U.S.C. § 207(a).

2. Defendants violated the FLSA when they failed to pay Judith Cardenas at one and one half times her regular rate of pay for hours worked in excess of forty hours per week. Accordingly, Cardenas brings this Original Complaint under § 216(b) of the FLSA to recover unpaid overtime wages.

### B. Jurisdiction and Venue

3. This Court has jurisdiction over the subject matter of this action under 29 U.S.C.

§ 216(b).

4. Plaintiff's claims arise under the FLSA. 29 U.S.C. §§ 207(a)(1) and 216(b). In connection with the acts and course of conduct alleged in this complaint, Defendants are "employers" covered by the FLSA. 29 U.S.C. § 203(d).

5. Venue is proper in this district because Cardenas is a resident of this district and a substantial part of the acts and conduct charged herein occurred in this district.

### C.  The Parties

6. Plaintiff Judith Cardenas is a resident of Houston, Texas. She was an employee of Defendants within the meaning of the FLSA within the relevant time period.

7. Defendants Lewis and Sherry Chandler employed Cardenas as a paralegal and directed her day-to-day activities. Thus, the Defendants are "employers" under the FLSA. S*ee McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 876-77 (5th Cir. 1989).

8. Defendants possessed the power to hire and fire Cardenas.

9. Defendants supervised and controlled Cardenas's work schedule.

10. Defendants controlled the conditions of employment for Cardenas.

11. Defendants determined the rate and method of payment to Cardenas.

12. Defendants maintained employment records.

13. Defendants Lewis and Sherry Chandler are individuals who may be served at their regular place of business at 4141 Southwest Freeway #300, Houston, Texas 77027.

### D.  Facts

**Defendants failed to pay for time and one half for all overtime hours.**

14. Cardenas was a full-time, non-exempt employee of Defendants. Cardenas worked as a paralegal for Defendants from May 2012 through September 2014. She was paid an hourly

rate ranging from $13.50 to $16.75 per hour during the course of her employment.

15.  In performing her duties, Cardenas was required to work more than forty hours per week. As a non-exempt employee, Cardenas was entitled to be paid at one and one half her "regular rate" for all hours worked over forty in a given work week.  29 U.S.C. § 207(a). Defendants failed to pay Cardenas for all hours worked in excess of forty hours at one and one half times her regular rate.

16.  Defendants regularly directed Cardenas's work and Cardenas does not fall within any exemption under the FLSA.  Paralegals are not exempt under the FLSA.  29 C.F.R. § 541.301(e)(7).

17.  During some portion of her employment with Defendants, Plaintiff was also misclassified as a so-called independent contractor. However, the reality under the FLSA is that Plaintiff was Defendants' employee at all material times.

18.  Plaintiff was supervised by Defendants on a daily basis.

19.  Plaintiff was instructed in the manner in which to do her job by Defendants.

20.  Plaintiff was not permitted and did not hire employees to assist her with her work for Defendants.

21.  Plaintiff did not exercise sufficient, if any, control over a meaningful part of the business so as to be a separate economic entity from Defendants. Plaintiff was simply a part of Defendants' workforce performing job duties and work that was an integral part of Defendants' business operations.

22.  At all times relevant, Plaintiff was economically dependent on Defendants.  The work demanded from Defendants prevented Plaintiff from a meaningful opportunity for earned income from a source other than Defendants.

23. Plaintiff did not and could not hire employees of her own while working for Defendants. Similarly, Plaintiff did not and could not subcontract the work assigned to her by Defendants. Plaintiff had no opportunity for loss. Instead, there was only opportunity for earned income based upon days worked for Defendants.

24. All major components open to initiative, such as advertising, pricing, and business decision making, were controlled by Defendants, not Plaintiff.

25. Plaintiff routinely worked in excess of 40 hours in a workweek. When Plaintiff worked in excess of 40 hours in a workweek, she was not paid corresponding overtime premium compensation as required by the FLSA.

**Defendants' illegal actions were and are willful violations of the FLSA.**

26. The illegal pattern or practice on the part of Defendants with respect to overtime compensation was in violation of the FLSA. No exemption excuses the Defendants from paying Cardenas at her overtime rate. Nor have Defendants made a good faith effort to comply with the FLSA. Rather, Defendants knowingly, willfully and/or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation and the payment of wages to Cardenas.

### E. Cause of Action: Failure to Pay Wages

27. Cardenas incorporates herein by reference all allegations contained in paragraphs 1 through 26.

28. Defendants' practice of failing to pay Cardenas all overtime compensation at one and one half the employees' regular rates for all work in excess of forty (40) hours was and is in violation of the FLSA. 29 U.S.C. § 207(a). In addition, Defendants violated the FLSA by failing to pay Cardenas her full compensation. Accordingly, Cardenas is entitled to payment for

all overtime hours worked in an amount that is one and one half times her regular rate of pay.

29. No exemption applies to Cardenas. The Department of Labor has opined that paralegals are not subject to the professional exemption. As stated in the Code of Federal Regulations: "Paralegals and legal assistants generally do not qualify as exempt learned professionals because an advanced specialized academic degree is not a standard prerequisite for entry into the field. Although many paralegals possess general four-year advanced degrees, most specialized paralegal programs are two-year associate degree programs from a community college or equivalent institution." 29 C.F.R. § 541.301(e)(7).

### F. Damages

30. As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries and damages:

    a. Actual damages;

    b. Liquidated damages;

    c. All reasonable and necessary attorneys' fees; and

    d. All reasonable and necessary costs incurred in pursuing this lawsuit.

### G. Attorney Fees & Costs

31. Plaintiff is entitled to an award of attorney fees and costs under 29 U.S.C. § 216(b).

### H. Jury Request

32. Plaintiff requests a jury trial and tenders the appropriate jury fee in connection with the filing of this petition.

### I. Prayer

33. For these reasons, Plaintiff respectfully requests this Court to:

a. Declare that Defendants have violated the overtime provisions of the FLSA as to Plaintiff;

b. Declare Defendants' violations of the FLSA to be willful;

c. Award Plaintiff damages for the amount of unpaid overtime compensation and bonuses subject to proof at trial;

d. Award Plaintiff an equal amount as liquidated damages as allowed under the FLSA;

e. Award Plaintiff reasonable attorneys' fees, costs and expenses of this action as provided by the FLSA; and

f. Award such other and further relief as may be required by law

Respectfully submitted,

STURM LAW PLLC

By: s/ Charles A Sturm
Charles A. Sturm
State Bar No. 24003020
S.D. Texas No. 21777
723 Main Street, Suite 330
Houston, TX 77002
(713) 955-1800 – Telephone
(713) 955-1078 – Facsimile
csturm@sturmlegal.com – Email

ATTORNEY-IN-CHARGE FOR
PLAINTIFF JUDITH CARDENAS

